**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

JASON CISCO, an individual,  CASE NO.: 9:21cv81484

        Plaintiff,  JURY TRIAL DEMANDED

vs.

QUAIL MEADOW AT IBIS
HOMEOWNERS ASSOCIATION, INC.,
a Florida not-for-profit Corporation and
DAVID W. CRAFT, P.A.

        Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff JASON CISCO (*hereinafter* "Plaintiff") by and through his undersigned counsel bring this action for damages against QUAIL MEADOW AT IBIS HOMEOWNERS ASSOCIATION, INC., a Florida not-for-profit Corporation and DAVID W. CRAFT, P.A.'s arising out of their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (*hereinafter* "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq.* (*hereinafter* "FCCPA") which both prohibited the Defendants from engaging in abusive, deceptive, and unfair practices in connection with their attempts to collect consumer debts from Plaintiff.

**NATURE OF ACTION**

    I.    **THE FAIR DEBT COLLECTION PRACTICES ACT**

    1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statues which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15

U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, but generally and in a specific list of disapproved practices.

4. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban of which includes:

> (2) The false representation of [] (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

>which may be lawfully received by any debt collector for the collection of a debt.
>
>…
>
>(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
>…
>
>(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action

15 U.S.C. §1692e.

5. Section 1692f of the FDCPA states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban.

## II.    THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

8. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla. 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and protections and prohibitions of the FDCPA. *See Bianchi v. Migliaccio, LLP*, 2011 WL 379115

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

(S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

9. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.27(9).

10. The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collection a consumer debt*." (emphasis added)); *See, e.g.*, *Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

### III. CDC EVICTION MORATORIUM

11. On September 4, 2020, the CDC published an agency order (CDC Order or Order) entitled "Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID 19."

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Citing the historic threat to public health posed by the COVID-19 pandemic, the CDC, pursuant to section 361 of the Public Health Service Act, issued an eviction moratorium that generally limits the circumstances in which certain persons may be evicted from residential property.

12. According to the CDC, eviction moratorium help protect public health in several ways. First, eviction moratorium encourage self-isolation by people who become ill or who are at risk for severe illness from COVID-19 due to an underlying medical condition. Second, eviction allow State and local authorities to more easily implement stay-at-home and social distancing directives to mitigate the community spread of COVID-19. Third, eviction moratoria limit the likelihood of individuals moving into close quarters in congregate or shared living settings, such as homeless shelters, which then puts individuals at higher risk of contracting COVID-19.

13. The CDC Order generally prohibits a landlord, owner of a residential property, or other person with a legal right to pursue eviction or possessory action from evicting for non-payment of rent any person protected by the CDC Order from any residential property in any jurisdiction in which the CDC Order applies. This prohibition applies, without limitation to an agent or attorney acting on behalf of a landlord or owner of the residential property. To be a "covered person" under the CDC Order's eviction moratorium, a person must submit a written declaration under penalty of perjury attesting to certain eligibility criteria generally establishing that, because of the person's financial situation, the person is unable to make full rental payments and, if evicted, likely would become homeless or would be required to move into a congregate or shared living setting.

14. The CDC Order defines "evict" and "eviction" as any action by a landlord or owner of a residential property—which also includes an agent or attorney acting on behalf of the landlord or the owner of the residential property—or any other person with a legal right to pursue eviction

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

or a possessory action, to remove or cause the removal of a person protected by the CDC Order from a residential property. The CDC Order does not cover foreclosure on a home mortgage. The CDC Order does not apply in any State, local, territorial, or tribal area with a moratorium on residential evictions that provides the same or greater level of public-health protection than the requirements listed in the CDC Order. Moreover, the CDC Order does not preclude evictions unrelated to the non-payment of rent. The CDC Order does not bar a landlord, residential property owner, or their representative, including an attorney, from filing an eviction action in court, but it does prohibit the physical removal of a person from the property if the person meets the criteria and submits the declaration. Since the person must file a declaration to obtain this protection, however, a person must first be aware that the CDC Order exists and may apply to them.

15. The CDC Order defines "evict" and "eviction" as any action by a landlord or owner of a residential property—which also includes an agent or attorney acting on behalf of the landlord or the owner of the residential property—or any other person with a legal right to pursue eviction or a possessory action, to remove or cause the removal of a person protected by the CDC Order from a residential property. The CDC Order does not cover foreclosure on a home mortgage. The CDC Order does not apply in any State, local, territorial, or tribal area with a moratorium on residential evictions that provides the same or greater level of public-health protection than the requirements listed in the CDC Order. Moreover, the CDC Order does not preclude evictions unrelated to the non-payment of rent.

16. The CDC Order does not bar a landlord, residential property owner, or their representative, including an attorney, from filing an eviction action in court, but it does prohibit the physical removal of a person from the property if the person meets the criteria and submits the

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

declaration. Since the person must file a declaration to obtain this protection, however, a person must first be aware that the CDC Order exists and may apply to them.

17. In addition to the CDC Order's eviction moratorium, governments have established other eviction moratoria to alleviate the economic and public health consequences of the COVID-19 pandemic. For instance, section 4024 of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) provided a temporary moratorium on eviction filings as well as other protections for tenants in certain rental properties with Federal assistance or federally related financing. State and local governments have also implemented temporary eviction moratoria, rent freezes, and rental assistance programs.

18. In light of the CDC Order, on May 3, 2021, the Consumer Financial Protection Bureau issued its Interim Final Rule pursuant to the Fair Debt Collection Practices Act (*hereinafter* "CFPB Order") to eliminate or curtail certain abusive debt collector practices in light of the CDC order, to ensure that debt collectors who refrain from using such abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

19. The CFPB Order outline procedures that debt collectors must take in any jurisdiction for which the CDC Order applies in collection of that debt to file an eviction for non-payment without disclosing to the consumer in clear writing the date and a notice with the eviction on which the date it was filed, and that the consumer may be eligible for temporary protection from the CDC.

20. Specifically, the CFPB Order prohibits a debt collector from "…fil[ing] an eviction action for non-payment of rent against a consumer to whom the CDC Order reasonably might apply without disclosing to that consumer clearly and conspicuously in writing, on the date that the debt collector provides the consumer with an eviction notice or, if no eviction notice is required

by applicable law, on the date that the eviction action is filed, that the consumer may be eligible for temporary protection from eviction under the CDC Order."

## PARTIES, JURISDICTION, AND VENUE

21. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

22. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

23. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

24. Plaintiff is a "tenant" occupying a dwelling unit under a rental agreement pursuant to Florida Statute § 83.43(4).

25. Defendant QUAIL MEADOW AT IBIS HOMEOWNER'S ASSOCIATION, INC. ("Quail Meadow"), is a Florida not-for-profit-corporation registered to do business in Florida, with its principal place of business in Palm Beach County, Florida, and is otherwise *sui juris*.

26. Quail Meadow regularly attempts to collect rents from tenants of property owners that have become delinquent on their assessments.

27. At all times material hereto, Defendant Quail Meadow has been a corporation subject to the FCCPA. *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

28. Defendant DAVID W. CRAFT, P.A. ("David Craft") is a Florida for-profit-corporation, with its principal place of business located in West Palm Beach, Florida.

29. David Craft regularly attempts to collect debts that are due to others through the filing of lawsuits, sending of demand letters, and negotiating on behalf of creditor clients.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

30. Defendant David Craft regularly collects and attempt to collect debts for other parties. Defendant David Craft are "debt collectors" as the term is defined in the FDCPA and FCCPA.

31. At all times material hereto, Defendant David Craft has been a corporation subject to the FCCPA. *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

32. At all times material to the allegations of this Complaint, Defendant David Craft was acting an agent and a debt collector on behalf of Quail Meadow with respect to the collection of Defendant's alleged debt.

33. All of Quail Meadow and David Craft's actions to collect or attempt to collect the payments from Plaintiff, were done as an attempt to collect a debt that was owed to the third-party, specifically Plaintiff's Landlord.

## FACTUAL ALLEGATIONS

34. This Complaint arises out of Defendants knowingly attempting to collect amounts from Plaintiff they knew they were not entitled to collect and using unlawful means to attempt to collect from Plaintiff when it knew it legally could not take those actions pursuant to state and federal law.

35. The debt ("Subject Debt") that Defendants attempted and are attempting to collect from Plaintiff is a consumer debts as that term is defined by both the FDCPA and the FCCPA because it was primarily incurred for personal family or household purposes.

36. Specifically, the Subject Debt is an amount Defendants alleged is owed for Plaintiff's lease of his home in the Quail Meadow's community with the following legal description:

> **Lot 1, IBIS GOLF & COUNTRY CLUB PLAT NO. 3, A PLANNED UNIT DEVELOPMENT, according to the Plat thereof, recorded in Plat Book 66, Page 100, of the Public Records of Palm Beach County, Florida.**

("Subject Property").

37. Quail Meadows is a "Residential Homeowners' Association" as defined by Florida Statutes § 718.301(9).

25. Plaintiff is a "Tenant" as that term is defined by Florida Statutes § 83.43(4) at the Subject Property.

26. Plaintiff entered into a lease agreement with Thomas A. Reisinger and Margaret B. Reisinger ("Landlord") to lease Subject Property on or about November 17, 2018.

27. Pursuant to the terms of Plaintiff's lease Plaintiff was to pay rent in the amount of $1,800.00 per month.

28. Upon the expiration of the lease, Plaintiff continued to lease the property on a month to month basis.

29. On or about July 23, 2020, the Landlords agreed to reduce the rent from $1,800.00 per month to $1,000.00 per month.

30. Plaintiff's Landlord passed away and the Subject Property is currently in probate.

31. The personal representative of the estate of Thomas A. Reisinger agreed to allow Plaintiff to continue leasing the property for $550.00 per quarter, which represents the quarterly dues owed to Quail Meadow.

32. Unbeknownst to Plaintiff, his Landlords had been past due on their quarterly payments to Quail Meadow.

33. In March of 2021, Quail Meadow retained David Craft to represent them to attempt to collect the Landlord's past due payments.

34. The Florida Homeowners' Association Act specifies that:

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

> **(8)(a)** If the parcel is occupied by a tenant and the parcel owner is delinquent in paying any monetary obligation due to the association, the association may demand that the tenant pay to the association the subsequent rental payments and continue to make such payments until all the monetary obligations of the parcel owner related to the parcel have been paid in full to the association and the association releases the tenant or until the tenant discontinues tenancy in the parcel.

35. Accordingly, in March of 2021, Quail Meadow and David Craft demanded that the Plaintiff re-direct his rental payment to Quail Meadow.

36. On or about March 12, 2021 Quail Meadow and David Craft sent Plaintiff its March 12, 2021 letter demanding that Plaintiff "pay all future rents under your lease with the property owner directly to the homeowner's association and continue doing so until the association notifies you otherwise." *See* Exhibit A ("March 12, 2021 Letter to Jason Cisco").

37. In other words, rather than demand Plaintiff re-direct his quarterly rental payment to Quail Meadow, Defendants demanded Plaintiff pay the Landlords total past due assessment in full or he would be evicted.

38. On or about April 23, 2021 Quail Meadow and David Craft served Plaintiff with its Three (3) Day Notice to Pay Rent Or Deliver Possession Per Fla. Stat. 83.56 (3), demanding that Plaintiff pay $2.100.00 "plus interest, late charges, administrative fees, costs of collection including attorney's fees and future assessments as they accrue…". *See* Exhibit B ("April 23, 2021 Three Day Notice").

39. On or about May 6, 2021, Quail Meadow and David Craft filed an action for eviction In the County Court of Palm Beach County, Civil Division which was assigned Case No.: 502021CC005143XXXXNB Division: RH. ("First Eviction Action").

40. Neither Quail Meadow nor David Craft provided Plaintiff with notice of his rights under the CDC Order prior to instituting the First Eviction Action.

41. Plaintiff appeared and represented himself *pro se* in the First Eviction Action which resulted in the court dismissing the First Eviction Action for a defective three day notice.

42. On June 21, 2021, the First Eviction Action was dismissed "with prejudice for a defective 3 day notice…"

43. After the First Eviction Action was dismissed, Defendants Quail Meadow and David Craft continued to attempt to collect the Subject Debt from Plaintiff.

44. On or about June 23, 2021, Quail Meadow and David Craft served Plaintiff with its Three (3) Day Notice to Pay Rent Or Deliver Possession Per Fla. Stat. 83.56 (3), demanding that Plaintiff pay $1,000.00 "for the June 1, 2021 rent and use of the [Subject Property]…" *See* Exhibit C ("June 22, 2021 Three Day Notice").

45. On or about July 2, 2021, Quail Meadow and David Craft filed an action for eviction In the County Court of Palm Beach County, Civil Division which was assigned Case No.: 502021CC007191XXXXNB Division: RE.  ("Second Eviction Action").

46. Neither Quail Meadow nor David Craft provided Plaintiff with notice of his rights under the CDC Order prior to instituting the Second Eviction Action.

47. On or about July 12, 2021, Plaintiff tendered $550.00 to Quail Meadow, representative of the quarterly rent he owed to Landlords.

48. On or about July 22, 2021, Quail Meadow through their attorneys at David Craft, rejected this payment

49. None of Quail Meadow or David Craft's communications to Plaintiff contained a notice of debt as required pursuant to 15.U.S.C. 1692g(a)

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

50. None of Quail Meadow or David Craft's communications have ever disclosed to Plaintiff that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

51. None of Quail Meadow or David Craft's communications have ever disclosed to Plaintiff that the communication was from a debt collector.

52. As a result of Defendants actions, Plaintiff suffered actual damages, including but not limited to mental suffering, anguish, and personal and/or financial credibility and reputation, whereby Plaintiffs are entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

53. Plaintiff has retained the undersigned attorney and is obligated to pay a reasonable attorneys' fee and costs for this action.

### COUNT I
### VIOLATION OF FCCPA AGAINST QUAIL MEADOW AT IBIS HOMEOWNERS ASSOCIATION, INC AND DAVID W. CRAFT, P.A

Plaintiff adopts and re-alleges paragraphs 1 through 51 above as if fully set forth herein.

54. Florida statute clearly proscribes the rights that a homeowner's association has to collect rental payments from a tenant when a property owner is delinquent on their assessments.

55. Consequently, Defendants Quail Meadow and David Craft knew Plaintiff was not required to pay more than his monthly rental payment, but demanded that he pay the full past due assessments anyways.

56. Defendants Quail Meadow and David Craft demanded Plaintiff pay more than he was required to pay pursuant to statute.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

57. Defendants, by knowingly attempting to collect and collecting an amount its client was not statutorily authorized to collect, asserted the existence of a legal right Defendants knew did not exist.

58. Additionally. Defendants Quail Meadow and David Craft knew the CDC Order was in place, and that the CFPB Order mandated that they provide Plaintiff with notice of his rights pursuant to the CDC Order.

59. Despite having actual knowledge of the CDC Order and the CFPB Order, Defendants Quail Meadow and David Craft failed to provide Plaintiff with notice of his rights under the eviction moratorium prior to filing the First Eviction Action.

60. Defendants, by filing the First Eviction Action without first giving Plaintiff notice of his rights pursuant to the CDC Order asserted the existence of a legal right Defendants knew did not exist.

61. Despite having actual knowledge of the CDC Order and the CFPB Order, Defendants Quail Meadow and David Craft failed to provide Plaintiff with notice of his rights under the eviction moratorium prior to filing the Second Eviction Action.

62. Defendants, by filing the Second Eviction Action without first giving Plaintiff notice of his rights pursuant to the CDC Order asserted the existence of a legal right Defendants knew did not exist.

63. Defendants, therefore, have violated FCCPA and is liable to Plaintiff for actual and statutory damages, together with attorneys' fees and costs. *See* Fla. Stat. §§ 559.72(9), 559.77(2).

64. As a result of Defendants actions, Plaintiff suffered actual damages, including but not limited to mental suffering, anguish, and personal and/or financial credibility and reputation,

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

whereby Plaintiffs are entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, Quail Meadow at Ibis Homeowners Association Inc., and Defendant David W. Craft for violations of FCCPA and requests that the Court:

a. Award Plaintiff statutory damages of one thousand-dollars ($1,000.00) per Defendant;

b. Award attorneys' fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred under Florida Statutes § 559.77(2); and

c. Issue such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF FDCPA 15 U.S.C. § 1692e AGAINST DAVID W. CRAFT, P.A

Plaintiff incorporates by reference paragraphs 1 through 51 of this Complaint as though fully stated herein.

65. Defendant David Craft violated the FDCPA by using false, deceptive, or misleading means in connection with the collection of any debt as prohibited by 15 U.S.C. §1692e(2), §1692e(10) and §1692e(11). More particularly, the Defendant committed the following acts:

a. Falsely represented the character, amount, or legal status of a debt;

b. Used false representation or deceptive means to collect or attempt to collect any debt when it filed its lawsuit against Plaintiff.

c. The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

66. In the First Eviction Action David Craft falsely represented the amount Plaintiff owed to Quail Meadow because it demanded more than the rental payments owed to the Landlord or their estate.

67. David Craft failed to provide Plaintiff with notice of his rights under the CDC Order at any point prior to the filing of the First Eviction Action or at any point prior to that case being dismissed by the Court.

68. None of David Craft's communications disclose that he is a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

69. None of David Craft's communications to Plaintiff disclose that the communications were from a debt collector.

70. Defendant's pursued legal action to evict Plaintiff without providing Plaintiff with a validation of the debt pursuant to the FDCPA and as Plaintiff requested during their unlawful communications via email correspondence Defendant David Craft ignored Plaintiff's request in a written notice but not limited to, the amount of the debt and all other violations referenced above in this Complaint.

71. As a result of Defendant David Craft's FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

**WHEREFORE**, Plaintiffs prays for judgment against Defendant David W. Craft, P.A. for violation of FDCPA and requests that the Court:

a. Award Plaintiff statutory damages of one thousand-dollars ($1,000.00) pursuant to 15 U.S.C. § 1692k.

b. Order Defendants to stop charging fees when they have not yet been incurred or paid;

c. Award actual damages;

d. Award attorneys' fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred under 15 U.S.C. § 1692k; and

e. Issue such other relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF FDCPA 15 U.S.C. § 1692f AGAINST DAVID W. CRAFT, P.A

Plaintiff incorporates by reference paragraphs 1 through 51 of this Complaint as though fully stated herein.

72. Defendant David Craft violated the FDCPA by using false, deceptive, or misleading means in connection with the collection of any debt as prohibited by 15 U.S.C. §1692f through its use of unfair or unconscionable means to attempt to collect a debt from Plaintiff.

73. Specifically, Defendant David Craft violated 15 U.S.C. §1692f through its failure to provide Plaintiff with notice of his rights pursuant to the CDC Order prior to institution the First Eviction Action.

74. Defendant David Craft also violated 15 U.S.C. §1692f through its failure to provide Plaintiff with notice of his rights pursuant to the CDC Order prior to institution the Second Eviction Action.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

75. As a result of Defendants actions, Plaintiff suffered actual damages, including but not limited to mental suffering, anguish, and personal and/or financial credibility and reputation, whereby Plaintiffs are entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiffs prays for judgment against Defendant David W. Craft, P.A. for violation of FDCPA and requests that the Court:

a. Award Plaintiff statutory damages of one thousand-dollars ($1,000.00) pursuant to 15 U.S.C. § 1692k.

b. Order Defendants to stop charging fees when they have not yet been incurred or paid;

c. Award actual damages;

d. Award attorneys' fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred under 15 U.S.C. § 1692k; and

e. Issue such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendants against QUAIL MEADOW AT IBIS HOMEOWNERS ASSOCIATION, INC., a Florida not-for-profit Corporation and DAVID W. CRAFT, P.A., awarding Plaintiff the following relief:

a. Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt; Statutory, actual damages, and punitive damages as provided under Fla. Stat. §559.77(2), for the

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

FCCPA violations committed by Defendants in attempting to collect the Consumer Debt from Plaintiff;

b. An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FDCPA and FCCPA;

c. Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

d. Any other relief that this Court deems appropriate and just under the circumstances.

DATED: August 23, 2021

Respectfully Submitted,

/s/ *Gregory Light*
**GREGORY LIGHT, ESQ.**
Florida Bar No.: 120907
**ANTHONY GONZALEZ, ESQ.**
Florida Bar No.: 119756
LIGHT & GONZALEZ, PLLC
8751 W. Broward Blvd. #209
Plantation, FL 33324
Telephone:     754-900-6545
Email: service@lightgonzalezlaw.com